```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

HOWARD COHAN,

        Plaintiff,

v.                              Case No: 2:14-cv-453-FtM-29CM

ANGLER'S COVE CONDOMINIUM ASSOCIATION, INC.,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. #40) filed on April 20, 2015. Defendant has not filed a response and the time to do so has expired. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Howard Cohan has filed an Amended Complaint (Doc. #8) against Defendant Angler's Cove Condominium Association, Inc. (Defendant or Angler's Cove) alleging violations of the Americans with Disabilities Act (the ADA). The underlying facts, as set forth in the Amended Complaint, are as follows:

Plaintiff suffers from spinal stenosis, which is a "qualified disability" under the ADA. (Id. at ¶ 3.) On June 3, 2014, Plaintiff visited Angler's Cove but was denied equal access and full enjoyment of its facilities. (Id.) Specifically, Plaintiff contends that Angler's Cove failed to provide a means for him to

access its swimming pool and failed to provide adequate parking for disabled individuals. (Id. at ¶¶ 17-24.) Based upon these allegations, Plaintiff contends that Angler's Cove is in violation of the ADA. On March 30, 2015, Angler's Cove filed Amended Affirmative Defenses to the Amended Complaint. (Doc. #33.) Plaintiff now moves to strike each of Angler's Cove's four affirmative defenses, arguing that they are inadequately pled.

**II.**

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon

which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations.  If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken."  Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal quotations omitted).  The purpose of this pleading requirement "is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."  Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988).

### III.

#### A.  **First Affirmative Defense**

Defendant's first affirmative defense alleges "that the relief sought by Plaintiff would constitute an undue burden because such relief would fundamentally alter Defendant's property and the nature of services provided thereon."  (Doc. #33, pp. 1-2.)  In support, Defendant alleges that "its property is water-front and Plaintiff's requested modifications or alterations (e.g., pathways, parking lot and/or entry to pools) could fundamentally alter the nature of services because they would interfere with the water-front nature of the property."  (Id. at p. 2.) Defendant

further alleges that "such modifications or alterations will require Defendant to amend its governing documents." (Id.)

Title III of the ADA prohibits discrimination by private entities in places of public accommodation. <u>Gathright-Dietrich v. Atlanta Landmarks, Inc.</u>, 452 F.3d 1269, 1272 (11th Cir. 2006). The discrimination prohibited by Title III includes:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(iii). The ADA's implementing regulations define "undue burden" as "significant difficulty or expense." 28 C.F.R. § 36.104. To determine whether ADA compliance constitutes an undue burden, the Court considers factors such as the "nature and cost of the action needed" and the entity's "overall financial resources." Id.

Here, Defendant alleges that undertaking Plaintiff's requested modifications constitutes an undue burden and would fundamentally alter the services it offers. Defendant supports this allegation by further alleging that Plaintiff's requested modification would interfere with the waterfront nature of its property and would require amendment to its governing documents. These allegations are sufficient to put Plaintiff on notice that

Defendant may seek to litigate whether Plaintiff's proposed modifications constitute and undue burden and/or would fundamentally alter its services. If Defendant is correct, Plaintiff would be unable to recover on this theory of ADA liability. Accordingly, the first affirmative defense is adequately pled.

**B.     Second Affirmative Defense**

Defendant's second affirmative defense alleges that "the relief sought by Plaintiff is not readily achievable because of significant architectural or structural difficulty and related expenses." (Doc. #33, p. 2.) In support, Defendant alleges that the waterfront nature of its property "presents significant architectural or structural concerns regarding access to construction materials or machinery, riparian rights, and applicable code compliance, including sea-level issues." (Id.)

Discrimination under the ADA "includes a private entity's failure to remove architectural barriers . . . where such removal is readily achievable." Gathright-Dietrich, 452 F.3d at 1273 (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." Id. (quoting 42 U.S.C. § 12181(9)). If a Plaintiff's proposal for the removal of architectural barriers is not readily achievable, it cannot prevail on its ADA claim. Id.

Here, Defendant has alleged that undertaking Plaintiff's requested modifications are not readily achievable because of architectural and logistical concerns arising from its waterfront location. These allegations are sufficient to put Plaintiff on notice that Defendant may seek to litigate whether Plaintiff's barrier removal proposals are readily achievable. If Defendant is correct that Plaintiff's proposals are not readily achievable, Plaintiff would be unable to recover on this theory of ADA liability. Accordingly, the second affirmative defense is adequately pled.

**C.    Third Affirmative Defense**

Defendant's third affirmative defense alleges "that it is committed to providing equal access to all persons," and that "Defendant makes, or will make, its respective goods, services, privileges, advantages and/or accommodations available through alternative methods if Plaintiff's requested modifications or alterations would jeopardize the health or safety of residents, invitees and/or guests." (Doc. #33, p. 2.) These allegations, which state only that Defendant will remedy any ADA violations in an appropriate manner, do not respond to the allegations in the Amended Complaint and do not raise any facts to vitiate Plaintiff's claims. As such, it is not a proper affirmative defense and will be stricken.

**D.  Fourth Affirmative Defense**

Defendant's fourth affirmative defense states that "to the extent that Defendant has or will institute barrier removal plans to eliminate any architectural or structural barriers, the litigation instituted by Plaintiff should not serve as a basis for attorneys' fees or injunctive relief in this action." (Doc. #33, p. 3.)  This affirmative defense does not contain any factual allegations.  Instead, Defendant states a legal conclusion regarding the availability of certain relief premised upon a factual scenario that may exist in the future.  It does not respond to the allegations in the Amended Complaint and does not raise any facts to vitiate Plaintiff's claims.  As such, it is not a proper affirmative defense and will be stricken.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion to Strike (Doc. #40) is **GRANTED in part and DENIED in part.**  Defendant's Third and Fourth Affirmative Defenses are **STRICKEN**.  The motion is otherwise denied.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record